TAB "1"

IN THE CIRCUIT COURT OF THE
FIFTEEN JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

REGINA PERAGINE,

CASE NO.: 24-CA-
FLA BAR NO.: 0739685

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
TRANSPORTATION,

    Defendant.

_____/

## COMPLAINT

Plaintiff, REGINA PERAGINE, hereby sues Defendant, FLORIDA DEPARTMENT OF TRANSPORTATION, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq.

2. This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, REGINA PERAGINE, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her gender and she was retaliated against after reporting Defendant's unlawful employment practices.

4. At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF TRANSPORTATION, has been organized and existing under the laws of the State of Florida. At

all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, a female, began her employment with Defendant on or about June 11, 2023, and held the position of Contract Management Specialist at the time of her wrongful termination on September 26, 2023.

7. Despite her stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her gender, and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8. The disparate treatment and retaliation came at the hands of specifically but not limited to Project Manager, Mohammad Hassan, male, Manager Bonnie Majcher, female, and Assistant Director of Tolls Daniel Muniz, male.

9. On June 12, 2023, just one day after Plaintiff began her employment, Hassan suggested they spend time together as friends after work to "meet other people." He reassured Plaintiff it would be strictly platonic.

10. On June 14, 2023, Hassan reiterated his suggestion that they go out as friends. Plaintiff, believing the interaction to be professional, provided her phone number. However, Hassan began sending inappropriate, non-professional text messages to Plaintiff and calling her repeatedly.

11. On June 14, 2023, Hassan texted Plaintiff "Good morning." Plaintiff did not respond.

12. On June 23, 2023, Hassan texted Plaintiff, "Hope you're doing well, have a great weekend." Plaintiff replied courteously but minimally: "I'm doing well. You have a great weekend too."

13. On July 1, 2023, following the death of Plaintiff's aunt, Hassan texted Plaintiff, inquiring about her well-being and asking to speak with her. During their phone conversation, Hassan invited Plaintiff to go out, suggesting they keep their interaction "low key" as he was married. Plaintiff declined, stating she does not date coworkers, and ended the call.

14. On July 2, 2023, Hassan texted Plaintiff, "Have a wonderful weekend. Sweet dreams," followed by three rose emojis.

15. On July 3, 2023, Hassan texted Plaintiff "Good morning," and initiated a conversation about his personal life, stating that he bought a bedroom set for his daughter and was on his way home. Hassan proceeded to ask Plaintiff what she was doing, and if she was having a great day. Plaintiff responded minimally before ceasing further interaction.

16. On July 5, 2023, Hassan again texted Plaintiff about planning something together, to which Plaintiff did not respond. Later that day, Hassan sent another message inquiring about Plaintiff's whereabouts, which she also ignored.

17. On July 10, 2023, there was a meeting in Majcher's office, and Plaintiff, Hassan and Majcher were in attendance. As Plaintiff was looking for a seat. Hassan told her, "That's my chair, but you can sit on my lap." Despite Plaintiff's clear discomfort, Hassan repeated the comment, adding, "That's if you want to." While Plaintiff ignored Hassan's first inappropriate comment, she then responded, "well if you were to sit on my lap, you would probably hurt me",

3

in attempt to diffuse the uncomfortable situation. Notably, Majcher failed to address Hassan's inappropriate behavior.

18. On July 12, 2023, while Plaintiff was experiencing difficulty with the office printer, Majcher expressed annoyance and questioned Plaintiff's paper usage. During this interaction, Hassan stood behind Plaintiff and repeatedly pushed her chair, causing her chest to hit the desk. Shocked and distressed, Plaintiff went to the car and reported the incident to her staffing agency, 4Consulting, Inc. She informed Dipin Sukumaran (4Consulting, Inc., representative) from the agency that she felt that she could not keep working for Defendant due to the environment.

19. After Plaintiff composed herself, she went back into the office, reported the incident to Defendant's HR Kathleen Kiefer, informing HR that it was captured on the office camera. Plaintiff filed a formal complaint with Defendant's HR department, including documentation of inappropriate texts.

20. An investigation was initiated, and Plaintiff was instructed to work from home during this period until the investigation was over. Notably, prior to Plaintiff being notified of when to return to work, Defendant began scheduling Plaintiff for in office meetings with Director of Tolls Daniel Muniz.

21. On August 12, 2023, Plaintiff returned to the office and noticed a significant change in Muniz's demeanor. Muniz micromanaged Plaintiff, questioning her whereabouts for routine activities like restroom breaks, while failing to address Hassan's extended absences. Muniz became hostile, criticizing Plaintiff's work over minor issues, such as extra spaces on a document, despite overlooking similar errors in pre-existing documents.

22. On the same day, Manager Majcher engaged in targeted harassment, repeatedly walking by Plaintiff's cubicle, inserting her head into the entrance, and coughing or laughing. This behavior occurred approximately ten times daily and was imitated by other employees under Majcher's supervision.

23. On or around August 12, 2023, Muniz confronted Plaintiff and stated, "Who do you think you are to report? We are a family here." This comment further exacerbated Plaintiff's discomfort.

24. On or about August 13, 2023, Plaintiff overheard Hassan say to a coworker, "There she is. I give her one month before she's fired." Plaintiff reported this incident to her staffing agency.

25. On September 6, 2023, Plaintiff was terminated by Muniz, allegedly for performance issues. However, Plaintiff had not received prior feedback, counseling, or documentation indicating any deficiencies in her performance. Prior to reporting the harassment, Plaintiff had consistently received positive feedback, including remarks of "Good job" from Muniz.

26. On February 2, 2024, Plaintiff filed a charge of gender discrimination/retaliation with the EEOC under EEOC # 510-2024-02046 for which a Determination & Notice of Rights was issued on September 16, 2024 with no corrective action taken to date.

27. Plaintiff's termination was a retaliatory action directly linked to her complaints about gender-based harassment and the hostile work environment as well as an act of gender based discrimination. She was fired but not Hassan.

28. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## GENDER DISCRIMINATION

29. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

30. This is an action against Defendant for discrimination based upon gender.

31. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

32. Defendant is liable for the differential treatment towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

33. Defendants are liable for the differential treatment of Plaintiff and hostility towards her because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff

34. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

35. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

6

36. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

37. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender.

38. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## HOSTILE WORK ENVIRONMENT

39. Paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

40. This is an action against Defendant for creating and refusing to correct a hostile work environment within Defendant based upon gender.

41. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

42. Plaintiff was subjected to harassment and other acts of sexual harassment, none of which was welcome. This harassment was frequent, severe and adversely affected Plaintiff's ability to perform her job duties.

43. Furthermore, Defendant knowingly condoned and ratified the hostile work environment as more fully set forth above.

44. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

45. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

46. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and resulted in Plaintiff's termination.

47. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender.

48. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT III
### RETALIATION

51. Paragraphs 1 through 28 are realleged and incorporated herein by reference.

52. Defendant is an employer as that term is used under the applicable statutes referenced above.

53. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her.

8

54. The foregoing unlawful actions by Defendant were purposeful.

55. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

56. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

57. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

9

 (e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

 (f) award Plaintiff interest where appropriate; and

 (g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 10th day of December 2024.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
discovery@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF