UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80460-CIV-MATTHEWMAN

REGINA PERAGINE,

     Plaintiff,

vs.

FLORIDA DEPARTMENT OF
TRANSPORTATION,

     Defendant.

_____/

## ORDER REGARDING DEFENDANT'S COUNSEL'S IMPROPER USE OF ARTIFICIAL INTELLIGENCE

**THIS CAUSE** is before the Court *sua sponte*. The issue before the Court is the Court's consideration of the imposition of sanctions upon Defendant Florida Department of Transportation's ("Defendant") and/or its counsel in light of their admitted submission of improper citations and a hallucinated case quotation within the Supplemental Reply [DE 40] they filed on July 7, 2025. The submission of the hallucinated quote (from a real case) and improper citations resulted from the use of Artificial Intelligence ("AI") without attorney verification of the accuracy.

The relevant facts are as follows. On July 7, 2025, David S. Frank, Esq., and Christopher J. Whitelock, Esq., both signed and filed a Supplemental Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint ("Supplemental Reply") [DE 40] on behalf of Defendant. In that Supplemental Reply, Defendant cited the case of "*Huenefeld v. Nat'l Bev. Corp.*, 2021 WL 50169, at *3 (S.D. Fla. Jan. 6, 2021)." *Id.* at 4. While the case of *Huenefeld v. Nat'l Bev. Corp* does exist,

1

it is a 2017 case which is not reported in the Federal Supplement. Moreover, "WL 50169" is the citation for an unrelated Sixth Circuit case. Next, while Defendant correctly cited the case of *Martinez v. U.S. Sugar Corp.*, 880 F. Supp. 773, 775–76 (M.D. Fla. 1995), in the Supplemental Reply, the quoted language Defendant cited from that case does not actually exist. [DE 40 at 5]. Finally, Defendant initially cited *Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 391 (1st Cir. 2014), correctly in the Supplemental Reply; however, Defendant later reintroduced the exact same case on the same page of the Supplemental Reply as "*Rivera-Diaz v. Humana Ins. of P.R., Inc.*, 749 F.3d 9, 11-12 (1st Cir. 2014)." *Id.* The second case citation is incorrect, and, also, the pin cite does not exist.

The Court held a motion hearing via Zoom VTC on July 31, 2025, addressing both the underlying Motion to Dismiss and this AI issue. At that hearing, Mr. Frank admitted that he had used AI and had failed to check the case citations before submitting the Supplemental Reply. Mr. Frank explained that he has safeguards in place when he utilizes AI and that they failed in this one specific instance. Mr. Frank also apologized to the Court and represented that he is the only attorney who should be held accountable for the errors. In sum, this is a case where it is clearly established and admitted that Defendant's counsel utilized AI to research and prepare a Supplemental Reply containing improper case citations and a hallucinated quotation.

On August 8, 2025, Mr. Whitelock sent correspondence to the Court and opposing counsel. He apologized to the Court and to Plaintiff's counsel, took responsibility for misuse of AI, and explained that he had taken action to ensure that this type of AI-related issue would never happen again.

This is a perplexing issue which continues to arise in cases throughout the country. In the

2

Court's view, there is nothing inherently wrong with an attorney properly and competently utilizing AI or any of its subsets to practice law or litigate cases. However, the evolving technology does not always work properly or as expected. It is not always accurate and is prone to provide hallucinated cases, law, or facts. This is why close and careful attorney supervision, fact-checking, and citation-checking are absolute necessities when utilizing AI or any of its subsets. That was not done by Defendant's counsel here.

In the past, the Court has imposed sanctions against attorneys for improperly using AI and citing hallucinated cases in court filings. *See, e.g.*, *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-CV-81140, 2025 WL 1440351 (S.D. Fla. May 20, 2025). Other courts in the Southern District of Florida have imposed more serious or lesser sanctions depending on the facts. *See, e.g., ByoPlanet Int'l, LLC v. Johansson*, No. 0:25-CV-60630, 2025 WL 2091025, at *10 (S.D. Fla. July 17, 2025) (Leibowitz, J.) (dismissing case with prejudice and without leave to amend and awarding attorney's fees in the defendants' favor); *Huntington Nat'l Bank v. M/Y SOMETHING ABOUT MERI*, No. 25-61018-CIV, 2025 WL 1684109, at *3 (S.D. Fla. June 11, 2025) (Hunt, J.), *report and recommendation approved,* No. 0:25-CV-61018-WPD, 2025 WL 1684136 (S.D. Fla. June 16, 2025) (admonishing the *pro se* party for improperly using AI).

The Court has carefully considered whether sanctions should be imposed in this case, and if so, what type of sanctions. First, while Mr. Frank and Mr. Whitelock clearly improperly utilized AI as they failed to check all of the citations in the Supplemental Reply, they did not cite a fully hallucinated case. Instead, the cases Defendant's counsel mis-cited do actually exist. Second, they filed several briefs in support of Defendant's Motion to Dismiss [DEs 19, 36, 40], and the AI-related errors were found on only two specific pages of the Supplemental Reply and in none of the

other related documents. Third, while the Supplemental Reply contained a hallucinated quotation and improperly cited cases, Mr. Frank and Mr. Whitelock also cited other legitimate, correctly cited cases for the same legal premises. In other words, they did not solely rely on the non-existent quotation or the improperly cited cases for any of their legal arguments. Fourth, upon being confronted with their mistakes, both Mr. Frank and Mr. Whitelock quickly apologized and took responsibility for their conduct. The Court views all of these facts as mitigating factors regarding the sanctions issue.

In light of the foregoing, the Court hereby admonishes both counsel and requires both of them to attend a CLE on the ethical use of artificial intelligence within thirty (30) days of the date of this Order. They shall promptly file a notice with the Court that they have done so once the course is completed. No further sanctions shall be imposed at this time on either counsel or Defendant due to the facts of this situation, including the mitigating factors discussed above. However, Defendant and its counsel are hereby put on notice that any further misuse of AI will likely result in much more serious sanctions against Defendant and/or its counsel. The Court expects counsel to check the veracity and accuracy of all case citations in any pleading, motion, response, reply, or other paper before it is filed. Federal Rule of Civil Procedure 11 requires that and more.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of August 2025.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge

4